IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERRY WAYNE WASHINGTON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1598-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Kerry Wayne Washington, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The resulting civil action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Washington's motion to reopen this administratively-closed action, *see* Dkt. No. 8, and dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears ... that [Washington] is not entitled to relief." *Id.*

**Applicable Background**

In 2000, Washington pleaded guilty pursuant to a plea agreement that contained a provision, under current Federal Rule of Criminal Procedure 11(c)(1)(C), that he and

government agreed that the appropriate disposition of Washington's criminal action is a sentence of 30 years of imprisonment. He therefore was convicted of two counts of obstructing-commerce robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (the "Hobbs Act robbery" counts), and two counts of using a firearm during the course of each Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2. And the Court sentenced Washington to an aggregate term of 360 months of imprisonment – 71 months for each Hobbs Act robbery, both sentences to run concurrently, and consecutive terms of 84 months of imprisonment and 205 months of imprisonment for the Section 924(c) convictions. *See United States v. Washington*, No. 3:00-cr-35-L (01) (N.D. Tex.).

In 2004, a motion filed by the government resulted in the Court's reducing Washington's aggregate sentence from 360 to 235 months of imprisonment – 71 months for each Hobbs Act robbery, both sentences to run concurrently, and consecutive terms of 84 months of imprisonment and 80 months of imprisonment for the Section 924(c) convictions. *See id.*

Through this, the first Section 2255 motion attacking these convictions and sentences, Washington seeks relief based on *Johnson v. United States*, 576 U.S. \_\_\_\_, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 579 U.S. \_\_\_, 136 S. Ct. 2243 (2016). *See* Dkt. No. 2 at 8 (citing *Johnson* but then clarifying that the basis of that claim is that "the Government used [his] prior convictions to enhance his sentence under [Section] 924(c) and [a provision of the United States Sentencing Guidelines]," further stating that "[t]hese priors were applied using the residual clause in the

definition of a crime of violence," a clause that "has now been ruled unconstitutional").

On August 1, 2016, this action was stayed and administratively closed pending a decision from the Supreme Court of the United States in *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017). *See* Dkt. Nos. 4 & 5. Although this case was stayed, the Court granted Washington leave to amend his complaint to add a claim based on *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), *opinion supplemented by* 854 F.3d 284 (5th Cir. 2017), which overturned prior Fifth Circuit precedent based on *Mathis*, *see* Dkt. Nos. 6 & 7. Washington then moved to reopen this case after the Supreme Court decided *Beckles*. *See* Dkt. No. 8. And, on May 23, 2017, the undersigned recommended that this action be reopened and that Washington's Section 2255 motion be dismissed under Rule 4(b).

That recommendation was withdrawn on June 8, 2017, after Washington filed objections asserting that he was entitled to relief because he was sentenced at a time – prior to *United States v. Booker*, 543 U.S. 220 (2005) – when adherence to the Guidelines was mandatory, *see* Dkt. Nos. 10 & 11; *see also Beckles*, 137 S. Ct. at 898-905 (Sotomayor, J., concurring). The government has filed a court-ordered response to Washington's objections, *see* Dkt. No. 13, Washington has failed to file a reply brief, and the deadline by which to do so has expired.

**Legal Standards and Analysis**

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined a "violent felony" as "involv[ing] conduct

-3-

that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

Washington did not receive an increased sentence under the ACCA's residual clause. Instead, as his Section 2255 motion makes clear, his *Johnson*-based claim turns on his Section 924(c) convictions and the advisory sentencing guidelines. *See* Dkt. No. 2 at 7.

But the definition of "violent felony" under the ACCA's residual clause is substantially different than the definition of "crime of violence" used in Section 924(c). *See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property

of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *but see Sessions v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

Even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Washington because his underlying "crime of violence" – Hobbs Act robbery, in which the statutory definition of "robbery" is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining," 18 U.S.C. § 1951(b) – does "not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on" that offense, *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson, compare Johnson*, 135 S. Ct. at 2555-57, *with* 18 U.S.C. § 2113(a) (bank robbery), *and* 18 U.S.C. § 1951 (conspiracy to obstruct interstate commerce by robbery),

and so *Johnson* has no bearing on them.").

Indeed, the definition of a Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A). In so holding, we join the unbroken consensus of other circuits to have resolved this question. And because Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause, it was a valid predicate for [the] § 924(c)(1)(A)(iii) conviction." (citations omitted)); *accord United States v. Hill*, 832 F.3d 135, 140-44 (2d Cir. 2016); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (per curiam); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (per curiam); *see also United States v. Reed*, 187 F. Supp. 3d 743, 748-49 (W.D. La. 2016) ("Many other courts to reach the issue have found that Hobbs Act robbery falls within the force clause as well." (collecting cases)); *cf. United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016) (holding that there the Hobbs Act robbery conviction was a "crime of violence" for purposes of Section 924(c) where the two crimes were, like here, committed contemporaneously).

And, "[u]nlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892; *cf. Ellis v. United States*, Nos. 1:09-cr-00103-JAW & 1:16-cv-

00003-JAW, 2017 WL 972092, at *1-*2 (D. Me. Mar. 10, 2017) ("Petitioner maintains he is entitled to relief under *Johnson* because two Maine burglary convictions used by the Court to enhance his sentence pursuant to U.S.S.G. § 2K2.1(a)(1) are no longer violent crimes.... *Johnson*, however, does not apply to sentences enhanced under the guidelines." (citing *Beckles*; footnote omitted)).

Washington argues that *Beckles* does not doom his *Johnson*-based guidelines claims because he was sentenced at a time when the guidelines were not merely advisory. *See* Dkt. No. 10. And he is correct to the extent that "whether [*Johnson*] applies to the mandatory guidelines ... is an open question." *Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) ("Justice Thomas, writing for the majority, explicitly and repeatedly stated that the Court was not addressing the pre-*Booker*, mandatory Guidelines scheme. And Justice Sotomayor made this point clear in her concurring opinion (without objection from the majority): 'The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] ... may mount vagueness attacks on their sentences.'" (citations omitted)). But, because "the Supreme Court left open the question of whether" the right announced under *Johnson* applies to the pre-*Booker*, mandatory sentencing guidelines, "the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017). And Washington's claims based on that right cannot be timely under 28 U.S.C. § 2255(f)(3) based on this action being filed within one year from the date *Johnson* was decided. *See, e.g., Raybon*, 867 F.3d at 630-31 ("Raybon's untimely

motion cannot be saved under § 2255(f)(3) because he 'is asking for the recognition of a new right by this court – that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.'" (quoting *Mitchell v. United States*, No. 3:00-CR-00014, 2017 WL 2275092, at *3 (W.D. Va. May 24, 2017); collecting cases)); *Brown*, 868 F.3d at 304 ("We are constrained from reading between the lines of *Booker*, *Johnson*, and *Beckles* to create a right that the Supreme Court has yet to recognize.... [O]nly the Supreme Court can recognize the right which would render [the petitioner's] motion timely under § 2255(f)(3)."); *but cf. In re Hoffner*, ___ F.3d ____, No. 15-2883, 2017 WL 3908880 (3d Cir. Sept. 7, 2017); *Moore v. United States*, ___ F.3d ____, No. 16-1612, 2017 WL 4021654 (1st Cir. Sept. 13, 2017) (preliminarily authorizing successive Section 2255 motions based on claims that *Johnson* applies to pre-*Booker* guidelines' sentences).

*Johnson* is therefore not applicable to Washington's claims. And because neither *Johnson* nor the ACCA apply to Washington's sentences, imposed under a plea agreement containing an agreed-aggregate sentence under current Rule 11(c)(1)(C), the Court need not consider that rule's effect, if any, on his current claims. *See, e.g., United States v. Pam*, 867 F.3d 1191, 1199 (10 th Cir. 2017) ("Because Mr. Pam's plea agreement expressly used the ACCA to establish the agreed-upon term of imprisonment, the binding nature of the agreement does not prevent us from considering whether *Johnson* impacts the constitutionality of Mr. Pam's sentence." (relying on *Freeman v. United States*, 564 U.S. 522, 534-44 (2011) (Sotomayor, J., concurring); collecting cases)).

If *Johnson* had some applicability to Washington's convictions and sentences, the Court could consider the applicability of *Mathis* as well. *See, e.g., United States v. Hamilton*, 234 F. Supp. 3d 1229, 1235-36 (N.D. Okla. 2017) ("Defendant was not sentenced under the enumerated offense clause as a matter of clear fact or law. Once *Johnson* permits Defendant to collaterally challenge his sentence based on a residual-clause error, the Court must apply current law on the enumerated offense clause to determine if that error was injurious or harmless. Any other result would require the Court to apply an erroneous application of the modified categorical approach that has been corrected by the Supreme Court. Accordingly, the Court will consider *Mathis* in deciding the merits of Defendant's 2255 motion." (citations omitted)).

But it does not appear that *Mathis* in isolation affords relief in the context of Section 2255, as "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent." *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (concluding that "*Mathis* did not announce a new rule" and that "courts applying *Mathis* have consistently reached the same conclusion" (collecting cases)); *accord Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017).[1]

---

[1] *See also Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D. Tex. Jan. 26, 2017) (noting that the Supreme Court "has not suggested that *Mathis* announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction," before *sua sponte* dismissing, under Section 2243, a "savings clause"-based Section 2241 petition); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18,

For these reasons, it "plainly appears" that Washington "is not entitled to relief" on the Section 2255 motion, and the motion should be dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see, e.g., Rose v. United States*, Nos. 2:16-CV-554 & 2:13-CR-00123, 2017 WL 951600, at *1 (S.D. Ohio Mar. 10, 2017) (as to a case, like this one, held in abeyance pending the Supreme Court's decision in *Beckles*, holding that, "[b]ased on the Supreme Court's *Beckles* decision, it now appears to the Court that 'the moving party is not entitled to relief.' Under these circumstances, Rule 4(b) states that 'the judge must dismiss the motion'" (citation omitted)).

**Recommendation**

The Court should grant the motion to reopen this administratively-closed action [Dkt. No. 8] and dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

---

2017) ("*Mathis* was simply an application of *Descamps[ v. United States*, 133 S. Ct. 2276 (2013)]; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*. Clearly, then, *Mathis* did not announce a 'new' rule of constitutional law." (citation omitted)).

-10-

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE